IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANTHONY PRYOR,** *et al.*,

      **Plaintiffs,**

  v.

**KATHA HARPER,** *et al.*,

      **Defendants.**

Case No. 2:05-CV-475

JUDGE JOHN D. HOLSCHUH

Magistrate Judge Norah McCann King

## REPORT AND RECOMMENDATION

This is a 42 U.S.C. § 1983 action brought by Anthony Harper ("plaintiff") who is an inmate at the Ross Correctional Institution ("RCI") in Chillicothe, Ohio. Plaintiff brings this action on behalf of himself and his minor son, Cameron Pryor. Plaintiff alleges that he has been ordered to cease all attempted contact with Cameron, in violation of his constitutional rights. Named as defendants are Cameron's maternal grandmother Katha Harper, Fairfield County Assistant Prosecutor Greg Marx, Fairfield County Prosecutor David L. Landefeld, RCI Victim Coordinator Lorrie Perry, RCI Deputy Warden of Administration Kerry Chambers, RCI Institutional Inspector Robert Whitten, Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Linda C. Coval and ODRC Chief Inspector Cheryl Martinez.

This matter is currently before the Court on the motion to dismiss of defendants Perry, Chambers, Whitten, Coval and Martinez ("*Motion to Dismiss*"). Doc. No. 12. For the reasons that follow, the Court **RECOMMENDS** that the *Motion to Dismiss* be **GRANTED**.

**I.**  **BACKGROUND**

Review of the *Complaint* and the exhibits attached thereto reveals the following facts.

On October 26, 2001, an Agreed Entry granting Ms. Harper custody of Cameron – approved by plaintiff, Cameron's biological mother Gloria Pryor, and the judge of the Court of Common Pleas for Fairfield County, Ohio – was filed in that same county. *Exhibit A* attached to *Complaint*.[1] The Agreed Entry provided for plaintiff's visitation with Cameron every other weekend beginning November 2, 2001. *Complaint*, pg. 9. Plaintiff alleges that Ms. Harper violated the Agreed Entry and that, following a subsequent hearing, on September 5, 2002, the court conferred on plaintiff "all parental rights, privileges, and responsibilities concerning Cameron Pryor." *Id.*, pg. 10.

Plaintiff, however, was incarcerated on November 7, 2002, *Id.*, pg. 10 having been convicted of certain criminal offenses and declared a sexual predator. *Exhibit F*. Plaintiff alleges that, from the outset of his incarceration, he wrote letters to his son and sent birthday and Christmas cards and presents. *Complaint*, pg. 10.

In August 2004, Ms. Harper filed an adoption petition in an attempt to adopt Cameron. *Id.* Plaintiff contends that Ms. Harper falsely alleged that plaintiff had had no contact with Cameron for one year. *Id.* On September 9, 2004, plaintiff sent a birthday card to Cameron. *Id.* Ms. Harper allegedly presented the card to defendant Marx, the Assistant Prosecuting Attorney for Fairfield County and, acting in her capacity as legal guardian of Cameron, asked that plaintiff be prevented from contacting Cameron in the future. *Id.* Ms. Harper allegedly characterized plaintiff's attempts to contact Cameron as harassment. *Exhibit D*, *Exhibit F*.

On September 16, 2004, Mr. Marx allegedly requested that RCI issue to plaintiff a cease

---

[1] All exhibits referred to herein are attached to the *Complaint*.

correspondence/contact order, which would prevent plaintiff from contacting Cameron. *Exhibit B*. Plaintiff alleges that Mr. Marx and his supervisor, defendant Landefeld, are both liable to him for assisting Ms. Harper obtain a cease correspondence/contact order in violation of a previously issued Fairfield County court order. *Id.*, pg. 11.

Defendant Perry, RCI Victim Coordinator, allegedly complied with Marx's request by issuing a cease correspondence/contact order directing plaintiff to cease contact with Cameron. *Id.*

On September 27, 2004, plaintiff filed an *Informal Complaint* against Ms. Perry for issuing the order. *Exhibit B*. In response, defendant Chambers, RCI Deputy Warden of Administration, informed plaintiff that he was unable to grieve Court Orders. *Id.*

Plaintiff was not satisfied with the response to his *Informal Complaint* so, on November 15, 2004, plaintiff filed a *Notification of Grievance* related to the cease correspondence/contact order with the RCI Inspector's Office. *Exhibit C*. The Institutional Inspector, defendant Whitten, reviewed, investigated and then denied plaintiff's grievance. *Exhibit D*.

Dissatisfied with the disposition of his grievance, plaintiff appealed to the Chief Inspector, defendant Martinez. *Exhibit E*. On behalf of the Chief Inspector's Office, defendant Coval, Assistant Chief Inspector, affirmed the Institutional Inspector's decision. *Exhibit F*.

Plaintiff filed the *Complaint* in this action on May 12, 2005. Doc. No. 3. In it, plaintiff alleges that Ms. Harper and the seven other defendants have violated his constitutional rights because of their interference with his right to visitation and/or correspond with Cameron. *Complaint*, pg. 3.

On December 5, 2005, defendants Perry, Chambers, Whitten, Coval and Martinez filed

the *Motion to Dismiss* for plaintiff's alleged failure to state a claim upon which relief can be granted. Doc. No. 12. Plaintiff filed a memorandum in opposition to *Defendants' Motion to Dismiss* on January 19, 2006 ("*Plaintiff's Memorandum Contra*"), Doc. No. 28, and defendants filed their reply in support of their motion to dismiss on January 27, 2006 ("*Reply*"), Doc. No. 30.

## II.   STANDARD OF REVIEW

Plaintiff is proceeding without the assistance of counsel. A *pro se* litigant's pleadings are to be construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). The Court has, therefore, viewed plaintiff's pleadings pursuant to this less stringent standard.

Defendants move to dismiss the entire action for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). A claim will be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Thus, this Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is

without merit because of an absence of facts or law to support the claims in it, or if on the face of the complaint there is an insurmountable bar to relief.  *See generally, Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

### III.    ANALYSIS

In the *Motion to Dismiss*, defendants argue, *inter alia*, that this Court must dismiss this action because plaintiff failed to exhaust his administrative remedies as to each claim and as to each defendant.  The Court agrees.

The Prison Litigation Reform Act of 1996 ("PLRA") requires a prisoner to exhaust administrative remedies available to the prisoner prior to filing an action in a federal court.  42 U.S.C. §1997e(a) (2004).  The PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.*

The plaintiff-prisoner bears the burden of proving that a grievance has been fully exhausted, *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002).  "Exhaustion is not jurisdictional; it is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999), even if proceeding through the administrative system would be 'futile.'  *Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999)."  *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).  The prisoner must either attach "a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome."  *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district

court may intelligently decide if the issues raised can be decided on the merits.").

In addition, the United States Court of Appeals for the Sixth Circuit recently adopted the "total exhaustion" rule, which requires this Court to dismiss without prejudice a complaint that presents both exhausted and unexhausted claims, *i.e.*, a "mixed complaint." *Jones Bey*, 407 F.3d at 805. The total exhaustion rule leaves a prisoner whose mixed complaint is dismissed by the district court with two options:

> First, he could wait until all of his claims are exhausted and re-file the action at that time. Or, he could simply institute an action with only the exhausted claims, and then later bring other actions in court after the other issues have been fully addressed through the prison grievance process.

*Id.*, at 808.

Finally, grievances filed in an attempt to exhaust administrative remedies must reasonably inform prison officials of the individual subjects of the grievance so that those officials are given the opportunity to address the claims before suit is brought in federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Walton v. Bouchard*, 136 Fed. Appx. 846, 849 (6th Cir. 2005). The purpose of the "exhaustion requirement is to provide states the first opportunity to resolve problems themselves." *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003).

In Ohio, a three-step grievance procedure is available to inmates. An inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. Ohio Admin. Code. § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. *Id.*, § 5120-9-31(J)(2). If this second step does not provide

6

satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. *Id.*, § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. *Id.*, § 5120-9-31(L). The decision of the Chief Inspector or designee is final. *Id.*, § 5120-9-31(L).

In the case *sub judice*, it appears that plaintiff has exhausted his claim against defendant Perry; however, plaintiff does not indicate–or even remotely suggest–that he pursued any grievance procedures with regard to his claims against defendants Chambers, Whitten, Coval or Martinez. Moreover, plaintiff has failed to provide the Court with documentary evidence of his efforts to exhaust, nor has he described with specificity the administrative proceedings against these defendants and the outcomes of any such proceedings. *See Knuckles-El*, 215 F.3d at 642. In opposing the motion to dismiss, plaintiff contends only that consideration of the merits of his claims should not be foreclosed merely because he failed to first exhaust his administrative remedies. This Court, limited as it is to binding Sixth Circuit precedent, must not only reject plaintiff's contention but must dismiss this action without prejudice pursuant to *Jones Bey,* 407 F.3d at 805. *See also Nevels v. FCI Elkton*, Case No. 4:05-cv-2867, 2006 U.S. Dist. LEXIS 5001, (N.D. Ohio Feb. 9, 2006) (dismissing entire action under *Jones Bey* because inmate had not exhausted every claim asserted against prison officials even though the action was also brought against individuals, including a prosecutor, as to whom no administrative remedies were available).

**WHEREUPON**, the Court **RECOMMENDS** that the *Motion to Dismiss*, Doc. No. 12, be **GRANTED** and that this action be **DISMISSED** without prejudice.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Responses to objections must be filed within ten (10) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn,* 474 U.S. 140 (1985);  *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994);  *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers, AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

 May 31, 2006                                                                     *s/Norah McCann King*
                                                                            Norah M$^c$Cann King
                                                                            United States Magistrate Judge