IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY PRYOR, *et al.*,

        Plaintiffs,

    v.

KATHA HARPER, *et al.*,

        Defendants.

Case No. 2:05-CV-475

JUDGE JOHN D. HOLSCHUH

Magistrate Judge Norah McCann King

## ORDER

This is an action under 42 U.S.C. § 1983 by an inmate at the Ross Correctional Institution ("RCI") on behalf of himself and his minor son, Cameron Pryor. On July 24, 2006, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the motion to dismiss filed on behalf of the state defendants be granted in part and denied in part. Doc. No. 42. This matter is currently before the Court on *Defendants' Objections to the Report and Recommendation* ("*Defendants' Objections*"), Doc. No. 46, and on *Plaintiff's Objection to the Report and Recommendation Made by Magistrate Judge King* ("*Plaintiff's Objections*"), Doc. No. 47. For the reasons set forth below, *Plaintiff's Objections* and *Defendants' Objections* are **OVERRULED**. The *Report and Recommendation*, Doc. No. 42, is hereby **ADOPTED AND AFFIRMED**.

I.    DISCUSSION

Plaintiff filed the *Complaint* in this action on May 12, 2005. Doc. No. 3. In that complaint, plaintiff alleges that the defendants violated his constitutional rights when they interfered with his right to visitation and/or correspond with his son, Cameron. *Complaint* pg. 3.

Named as defendants are Cameron's maternal grandmother Katha Harper, Fairfield County Assistant Prosecutor Greg Marx, Fairfield County Prosecutor David L. Landefeld, RCI Victim Coordinator Lorrie Perry, RCI Deputy Warden of Administration Kerry Chambers, RCI Institutional Inspector Robert Whitten, Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Linda C. Coval and ODRC Chief Inspector Cheryl Martinez.

On December 5, 2005, defendants Perry, Chambers, Whitten, Coval and Martinez filed a motion to dismiss the claims against them for failure to state a claim upon which relief can be granted. Doc. No. 12. On July 24, 2006, United States Magistrate Judge King issued a *Report and Recommendation*, Doc. No. 42, wherein she concluded that some, but not all, of plaintiff's claims had been exhausted, as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. §1997e(a) (2004). Consequently, the *Report and Recommendation* recommended that defendants' motion to dismiss be denied with regard to the claims asserted against defendant Perry, which had been exhausted, and granted with regard to the claims asserted against defendants Chambers, Whitten, Coval and Martinez, none of which had been exhausted.

In making this recommendation, the magistrate judge relied on *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006), which held that a prisoner's mixed complaint requires dismissal of only the unexhausted claims, permitting the exhausted claims to proceed. Prior to *Bouchard*, there was some authority within the Sixth Circuit that would suggest that a court must dismiss without prejudice the entire complaint that presents both exhausted and unexhausted claims. *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

**A.    Defendants' Objections**

Defendants object to the *Report and Recommendation*, requesting that this Court hold in abeyance its decision on their motion to dismiss until the United States Supreme Court addresses the issue of partial exhaustion under the PLRA. *See Williams v. Overton*, 136 Fed. Appx. 859, 2005 U.S. App. Lexis 12277 (6th Cir. June 22, 2005), cert. granted, __ U.S. __, 126 S.Ct. 1463 (2006), and *Jones v. Bock*, 135 Fed. Appx. 837, 2005 U.S. App. Lexis 11572 (6th Cir. June 15, 2005), *cert. granted.*, ___ U.S. ___, 126 S.Ct. 1462 (2006).

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*, and declines to stay the action. This Court is bound by current Sixth Circuit precedent, upon which the *Report and Recommendation* is based. *See also Owens v. Keeling*, 2006 Fed. App. 325P, 2006 U.S. App. LEXIS 22077, *9 (6th Cir. Aug. 29, 2006) (recognizing that the issue is currently pending before the United States Supreme Court, yet holding: "We have held that the PLRA does not require 'total exhaustion,' and have instead adopted a rule of 'partial exhaustion' . . . ."); *Mack v. Wilkinson*, Case No. 2:06-CV-102, 2006 U.S. Dist. LEXIS 50742, *4 (S.D. Ohio July 25, 2006) (J. Marbley) ("this Court concludes that the majority in *Spencer v. Bouchard*, 449 F.3d at 726 (6th Cir. 2006) correctly found 'that the partial-exhaustion rule . . . is the law of this circuit,' not *Jones Bey's* total exhaustion rule."). Accordingly, *Defendants' Objections* are **OVERRULED**.

    **B.**    **Plaintiff's Objections**

Plaintiff objects to the *Report and Recommendation* on three bases. First, plaintiff argues that his claims do not require exhaustion. *Plaintiff's Objections* at 3. That is, plaintiff contends that only prison "conditions suits" require exhaustion and that his claims do not qualify as claims regarding prison conditions. *Id.* Second, plaintiff contends that there are no administrative

remedies available as to his claims against defendants Martinez and Coval, so he cannot be required to exhaust those claims. *Id.* Third, plaintiff argues that, even if his claims are in fact grieveable, defendant Chambers advised him that they were not and, therefore, should be held liable for providing false information to plaintiff. *Id.*

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation* and concludes, first, that the magistrate judge correctly analyzed this action as a prison conditions suit subject to the PLRA's exhaustion requirement. Plaintiff complains that he has been ordered by prison officials to cease all attempts to contact his son, in violation of his constitutional rights. *Complaint* pg. 10. The Cease Correspondence/Contact order at issue in this action, and its imposition by prison officials pursuant to the Ohio Administrative Code, qualifies as a "conditions suit" because plaintiff complains of the "effects of actions by government officials." 18 U.S.C. §3626(g). As such, plaintiff's complaint is subject to PLRA's exhaustion requirement and was required to exhaust all available administrative remedies prior to filing this suit.

The Court also concludes that plaintiff could have instituted a grievance against defendants Martinez and Coval, a Chief Inspector and Assistant Chief Inspector. *See Mack v. Wilkinson*, supra, at *2-3. Moreover, even if plaintiff was not required to exhaust his claims against defendants Martinez and Coval, those claims are nevertheless subject to dismissal. Plaintiff does not allege that these defendants, aside from denying his grievance, were personally involved in the events about which plaintiff complains. They cannot, therefore, be held liable to plaintiff under 42 U.S.C. §1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials whose only roles "involve their denial of administrative grievances" cannot be liable

under 42 U.S.C. §1983).

Finally, plaintiff's argument that he should be excused from the exhaustion requirement because defendant Chambers informed him that his complaints did not present a grieveable issue is without merit. Plaintiff properly exhausted the administrative procedures with regard to defendant Perry, even though defendant Chambers specifically answered plaintiff's *Informal Complaint* that the grievance presented a non-grieveable issue. *Exhibit B* attached to *Complaint*. However, in the face of this assertion by defendant Chambers, plaintiff continued the administrative process through completion. *See Report and Recommendation* at 3. Plaintiff was therefore not misled by any misinformation provided to him by defendant Chambers. For plaintiff to now claim that he was without the proper knowledge, or was given improper advice, on exhaustion requirements with regard to the other defendants is simply disingenuous. *See Graham v. Snyder*, 68 Fed. Appx. 589 (6th Cir. 2003) (in affirming dismissal for failure to exhaust, court found that in view of plaintiff's previously properly exhausted claims, prisoner's "professed ignorance of the proper administrative remedy appears disingenuous").

Indeed, even taking plaintiff's self-serving statement at face value for purposes of this analysis, the Court concludes that these claims must nevertheless be dismissed:

> In this circuit, a prisoner's proof of exhaustion is analyzed for quite literal compliance with available procedures. The plaintiffs' contention that the appeals process was not available to them cannot be accepted absent proof that access to such a procedure was sought but denied. Their statements that they were simply not provided the information concerning the outcome of the grievance or any higher level review does not address the availability of the procedure.

*Booker v. Horton*, Case No. 3:02CV-569-S , 2004 U.S. Dist. LEXIS 1464, * 11-12 (W.D. Ky. Feb. 2, 2004). Accordingly, *Plaintiff's Objections* are **OVERRULED**.

**II.    CONCLUSION**

In light of the foregoing, *Defendants' Objections*, Doc. No. 46, and *Plaintiff's Objections*, Doc. No. 47, are **OVERRULED**.  The *Report and Recommendation*, Doc. No. 42, is hereby **ADOPTED AND AFFIRMED**.  The motion to dismiss filed on behalf of defendant Perry, Chambers, Whitten, Coval and Martinez, Doc. No. 12, is **GRANTED** in part and **DENIED** in part.  The claims against defendants Chambers, Whitten, Coval and Martinez are **DISMISSED**, without prejudice, for failure to exhaust.  The Claims against defendant Perry may proceed.


Date: September 7, 2006                              /s/ John D. Holschuh
                                                     **JOHN D. HOLSCHUH**
                                                     **UNITED STATES DISTRICT JUDGE**