**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTHONY PRYOR,** *et al.*,

        **Plaintiffs,**

    **v.**

**KATHA HARPER,** *et al.*,

        **Defendants.**

**Case No. 2:05-CV-475**

**JUDGE JOHN D. HOLSCHUH**

**Magistrate Judge Norah McCann King**

<u>**REPORT AND RECOMMENDATION**</u>

This is a 42 U.S.C. § 1983 action brought by Anthony Pryor ("plaintiff") who is an inmate at the Ross Correctional Institution in Chillicothe, Ohio.  Plaintiff brings this action on behalf of himself and his minor son, Cameron Pryor.  Plaintiff alleges that he has been ordered to cease all attempted contact with Cameron in violation of his constitutional rights.

This matter is currently before the Court on plaintiff's *Motion to Re-Instate Defendants Pursuant to United States Supreme Court Decision <u>Jones v. Bock</u>* ("*Plaintiff's Motion to Reconsider*").  Doc. No. 65.  For the reasons that follow, it is **RECOMMENDED** that plaintiff's motion be **DENIED**.

**I.     BACKGROUND**

On December 5, 2005, defendants Linda C. Coval, Cheryl Martinez, Lorrie Perry, Kerry Chambers and Robert Whitten filed a motion to dismiss based on, *inter alia*, plaintiff's failure to completely exhaust all available administrative remedies.  Doc. No. 12.  On May 31, 2006, this

Court recommended that the motion to dismiss be granted based on plaintiff's failure to exhaust. Doc. No. 35. On September 7, 2006, this Court vacated in part that recommendation based upon a change in precedent. Doc. No. 42. The Court however, affirmed the dismissal of defendants Chambers, Whitten, Coval and Martinez based upon plaintiff's failure to exhaust the administrative remedies available to him in connection with the claims asserted against these defendants. *Id.*

On April 5, 2007, plaintiff filed *Plaintiff's Motion to Reconsider*, Doc. No. 65, which is fully at issue, Doc. Nos. 66, 69.


II.    **DISCUSSION**

Plaintiff requests that this Court reinstate defendants Chambers, Whitten, Coval and Martinez based upon a United States Supreme Court case that was issued on January 22, 2007. *Plaintiff's Motion to Reconsider* at 1. In essence, plaintiff asks that the Court reconsider its previous dismissal of these defendants. Trial courts possess "the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 952 (6th Cir. 2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.").

In *Plaintiff's Motion to Reconsider*, plaintiff argues that *Jones v. Bock*, 127 S. Ct. 910 (2007), calls the dismissal of these defendants into question. Specifically, plaintiff argues that

the Supreme Court modified the law relating to the exhaustion of administrative remedies such that it no longer requires each individual defendant to be specifically named during each step of the grievance procedure in order to properly exhaust a claim.  Plaintiff concludes that, since this "Court dismissed the above named defendants because plaintiff did not name each defendant within each step of the grievance procedure[,]" these defendants should be reinstated.  *Plaintiff's Motion to Reconsider.*  Plaintiff's argument is not well-taken.

This Court's dismissal of the defendants was not based on plaintiff's failure to name each individual defendant at each step of the grievance process.  *See* Doc. Nos. 35, 42.  Instead, this Court instructed:

> Finally, grievances filed in an attempt to exhaust administrative remedies must reasonably inform prison officials of the individual subjects of the grievance so that those officials are given the opportunity to address the claims before suit is brought in federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Walton v. Bouchard*, 136 Fed. Appx. 846, 849 (6th Cir. 2005).  The purpose of the "exhaustion requirement is to provide states the first opportunity to resolve problems themselves."  *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003).

Doc. No. 35 at 6.  The Court then concluded:

> In the case *sub judice*, it appears that plaintiff has exhausted his claim against defendant Perry; however, plaintiff does not indicate–or even remotely suggest–that he pursued any grievance procedures with regard to his claims against defendants Chambers, Whitten, Coval or Martinez.  Moreover, plaintiff has failed to provide the Court with documentary evidence of his efforts to exhaust, nor has he described with specificity the administrative proceedings against these defendants and the outcomes of any such proceedings.  *See Knuckles-El* [*v. Toombs*], 215 F.3d[, 640,] 642 (6th Cir. 2000)].

*Id.* at 7.

Plaintiff simply did not reasonably inform prison officials of the claims against defendants Chambers, Whitten, Coval and Martinez so that the officials had the opportunity to

address the claims before plaintiff brought this action.  Another careful review of the documents

showing each step of the grievance procedure, *Exhibits B-F* attached to *Complaint*, gives no

indication that plaintiff was attempting to assert claims against these four individuals.

Indeed, *Bock* specifically instructed that, in cases where individuals were not named

during the grievance procedure but were later named as defendants, the trial court is required to

determine whether plaintiff sufficiently exhausted his administrative remedies with regard to

those defendants:

> We do not determine whether the grievances filed by petitioners satisfied the
> requirement of "proper exhaustion," *Woodford*[ *v. Ngo*], 126 S. Ct. 2378, [2387-
> 88 (2006)], but simply conclude that exhaustion is not per se inadequate simply
> because an individual later sued was not named in the grievances.  We leave it to
> the court below in the first instance to determine the sufficiency of the exhaustion
> in these cases.

*Bock*, *supra*, 127 S. Ct. at 923.  Moreover, the case upon which *Bock* relied, *Woodford v. Ngo*,

elaborated on the importance of exhaustion in cases such as this:

> The PLRA[1] attempts to eliminate unwarranted federal-court interference with the
> administration of prisons, and thus seeks to "affor[d] corrections officials time
> and opportunity to address complaints internally before allowing the initiation of
> a federal case." [*Porter v.*] *Nussle*, 534 U.S. [516], 525 [(2002)].  *See also Booth*
> [*v. Churner*], 532 U.S. [731], 739 [(2001)].  The PLRA also was intended to
> "reduce the quantity and improve the quality of prisoner suits."  *Nussle*, *supra*, at
> 524.

---

[1]The "PLRA" is the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e(a), which
requires a prisoner to exhaust available administrative remedies prior to filing an action in a
federal court.  The PLRA states in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available are
> exhausted.

*Id.*

4

> Requiring proper exhaustion serves all of these goals.  It gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors.  This is particularly important in relation to state corrections systems because it is "difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons."  *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973).

*Woodford*, *supra*, 126 S. Ct. at 2387-88.

In this action, the prison officials were given <u>no</u> opportunity to address plaintiff's claims against defendants Chambers, Whitten, Coval and Martinez.  Therefore, this Court reaffirms its previous conclusion, *i.e.*, the grievances filed by plaintiff failed to satisfy the requirement of "proper exhaustion."  *See also Woodford*, *supra*.

**WHEREUPON**, in light of the foregoing, the Court **RECOMMENDS** that *Plaintiff's Motion to Reconsider*, Doc. No. 65, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  Responses to objections must be filed within ten (10) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985);  *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994);  *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers,*

5

*AFL-CIO*, 829 F.2d 1370 (6th Cir. 1987).


<u>August 7, 2007</u>                          <u>  *s/Norah McCann King*     </u>
Date                                       Norah McCann King
                                           United States Magistrate Judge