IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY PRYOR, *et al.*,

      Plaintiffs,

                                Case No. 2:05-CV-475
     v.                        JUDGE JOHN D. HOLSCHUH
                                Magistrate Judge Norah McCann King

KATHA HARPER, *et al.*,

      Defendants.

## OPINION AND ORDER

Anthony Harper, currently incarcerated at the Ross Correctional Institution ("RCI"), brings this action under 42 U.S.C. §1983 alleging that he was ordered to cease all contact with his minor son, Cameron, in violation of his constitutional rights.  The complaint asserts claims against Cameron's maternal grandmother, Katha Harper[1], as well as against the county prosecutor and assistant county prosecutor for Fairfield County, Ohio, ("the Fairfield County defendants") and a number of employees of the Ohio Department of Rehabilitation and Correction ("ODRC") and RCI, including Lorrie Perry, the Victim Coordinator at RCI.

The complaint alleges that, throughout his incarceration, plaintiff has attempted to correspond with his minor son Cameron.  *Complaint,* at 10.  Defendant Katha Harper, Cameron's legal custodian since at least 2001, *Exhibit A* to *Complaint,* filed an adoption petition in an attempt to adopt Cameron, alleging at least in part that plaintiff has failed to maintain communication with Cameron.  *Complaint,* at 10.   Plaintiff alleges that defendant Harper presented a card sent by the plaintiff to Cameron to Fairfield County prosecuting authorities,

---

[1]Ms. Harper filed an answer without the assistance of counsel.  Doc. No. 18.

apparently characterizing plaintiff's correspondence as harassment, and asking that plaintiff be prevented from contacting Cameron. *Id.*; *Exhibit D* to *Complaint*. "The Prosecutor's Office further supplied a letter of clarification specifically requesting that [plaintiff] be issued [a] cease correspondence/contact order at the request of the custodial party for Cameron Pryor." *Complaint,* at 10.

Defendant Perry issued a cease correspondence/contact order, *Exhibit E* to *Complaint*. In doing so, she invoked Ohio Admin. Code §5120-9-18(F)(6), which provides as follows:

> (F) Inmates are prohibited from sending any letter:
>
> (6) To any person who the inmate has been advised has notified the warden that he or she is being harassed by the inmate and does not want to receive letters from the inmate[.]

*See also Exhibit D* to *Complaint.*

This action seeks injunctive and monetary relief based upon plaintiff's claims that Katha Harper violated his constitutional rights by preventing plaintiff from contacting Cameron and that the remaining defendants violated plaintiff's constitutional rights by "unlawfully enforcing Defendant Katha Harper's wishes, without a Court Order." *Complaint,* at 3. The complaint asserts claims against the governmental defendants in both their official and personal capacities and against Katha Harper "in her capacity as custodian [of Cameron]." *Complaint,* at 3.

On August 3, 2007, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the motion for judgment on the pleadings filed on behalf of the Fairfield County defendants, Doc. No. 57, and the motion for summary judgment filed on

behalf of defendant Perry, Doc. No. 61, be granted in part and denied in part. It was also recommended that all claims against defendant Katha Harper be dismissed. *Report and Recommendation,* Doc. No. 70 ("the *August 3 Report and Recommendation*"). Defendant Perry and plaintiff have filed objections to the *August 3 Report and Recommendation*. Doc. Nos. 78, 86.

By earlier order of the Court, the claims against all ODRC defendants except defendant Perry were ordered dismissed, without prejudice, for failure to exhaust available administrative remedies, as required by the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e(a). *Order*, Doc. No. 50. On April 5, 2007, plaintiff filed a motion to reinstate those claims. *Motion to Reinstate,* Doc. No. 65. On August 8, 2007, the United States Magistrate Judge issued a *Report and Recommendation* recommending that plaintiff's motion to reinstate, Doc. No. 65, be denied. *Report and Recommendation,* Doc. No. 72 ("the *August 8 Report and Recommendation*"). Plaintiff has filed objections to the *August 8 Report and Recommendation*. Doc. No. 80.

The Court will review those *Reports and Recommendations,* as well as the objections thereto, *de novo.* 28 U.S.C. §636(b).


*AUGUST 3 REPORT AND RECOMMENDATION*

**Defendant Perry**

*1. Plaintiff's Objection*

The *August 3, 2007 Report and Recommendation* reasoned that the Eleventh Amendment precludes any claim for monetary damages against defendant Perry in her official capacity.

3

*August 3 Report and Recommendation,* at 6-7 *(*citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)(a suit against a state official in her official capacity is a suit against the official's office)). However, the Magistrate Judge also reasoned that the Eleventh Amendment does not preclude plaintiff's claim against defendant Perry, acting in her official capacity, for prospective injunctive relief . *August 3 Report and Recommendation, at 6 - 7* (citing *Wolfel v. Morris,* 972 F.2d 712, 718-19 (6th Cir. 1992)). *See also Ex Parte Young,* 209 U.S. 123, 159-60 (1908). Plaintiff does not object to those portions of the *August 3 Report and Recommendation. Plaintiff's Objections to Report and Recommendation*, at 1.

The *August 3 Report and Recommendation* also reasoned that defendant Perry is immune, by operation of the doctrine of qualified immunity, from liability for monetary damages on claims asserted against her in her personal capacity. Although the *August 3 Report and Recommendation* recognized a constitutional parental right to raise children in a manner that the parent sees fit, *Id.*, at 9, the Magistrate Judge concluded that, under the circumstances alleged (*i.e.*, where plaintiff was not the custodial parent of Cameron but did retain some parental rights),

> plaintiff cannot show that his particular parental rights were so clearly established when he was ordered to cease writing letters to Cameron [at the behest of the child's custodian] that any officer in defendants' positions, measured objectively, would have clearly understood that he or she was under an affirmative duty to refrain from enforcing the [facially valid] prison regulation against plaintiff. Accordingly, defendant Perry is entitled to qualified immunity against all claims for monetary damages asserted against her in her personal capacity.

*August 3 Report and Recommendation,* at 11 (citing *Wolfel v. Morris*, 972 F.2d at 720).

Plaintiff objects to this conclusion. In doing so, plaintiff attempts to re-frame the

4

constitutional right at issue in this case:

> . . . [T]he Plaintiff was **ORDERED** to have Parental Rights, Privileges, and Responsibilities towards Cameron Pryor . . . . Therefore, . . . this Court Order . . . continued to be valid throughout the Plaintiff's incarceration. For this Court Order to be changed, or the Plaintiff to not be allowed to follow the Court Order, the Plaintiff was/is entitled to the Due Process of Law before his liberties were altered.
>
>     *    *    *
>
> A reasonable person, such as Defendant Lorrie Perry, that works with Court Orders on a regular basis would know for a fact that any failure to follow that Court Order is a Constitutional Violation and that Defendant Lorrie Perry would be subject to civil as well as criminal charges for disobeying said Court Order. Therefore, i[n] Defendant Lorrie Perry's mind, this issue should have been clearly established.

*Plaintiff's Objection to Report and Recommendation,* at 3 - 4 (emphasis in original).

    This Court agrees with the reasoning of the Magistrate Judge that, under the circumstances presented in this case, defendant Perry could have believed that her conduct in ordering plaintiff, at the behest of the person charged with Cameron's legal custody,[2] to cease all correspondence with Cameron was lawful, judged from the perspective of a reasonable official. *August 3 Report and Recommendation*, at 8 (citing *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000)). Defendant Perry is therefore entitled to the protection of the doctrine of qualified immunity, and plaintiff's claims for monetary relief against this defendant in her personal capacity cannot proceed. Plaintiff's objection to the *August 3 Report and*

---

[2] Under O.R.C. §2151.011(B)(19), legal custody of a child "vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities."

5

*Recommendation* is **DENIED.**

    *2. Defendant Perry's Objections*

    Defendant Perry objects to the conclusion that plaintiff's claim for prospective injunctive relief can proceed. Defendant Perry alleges that Cameron Pryor has now been legally adopted by defendant Katha Harper, *see Exhibit D* to *Defendant Perry's Objections to Report and Recommendation*, and contends that plaintiff's claim for prospective injunction relief is therefore moot. *Defendant Perry's Objections to Report and Recommendation*, at 5.[3] Plaintiff was ordered by the Magistrate Judge to indicate whether he disputes Cameron's adoption by defendant Harper and whether he claims any on-going parental rights. *Order*, Doc. No. 79. In response, plaintiff concedes that defendant Katha Harper has adopted Cameron. *Plaintiff's Response to Defendant Perry's Objections to the Report and Recommendation*, at 4.[4] Moreover, plaintiff does not dispute that he retains only the rights to be provided annually a photograph of Cameron and a progress report. *See Exhibit E* to *Defendant Perry's Objections to Report and Recommendation*.[5]

---

  [3]Defendant Perry also argued that, because Ohio Admin. Code §5120-9-18 is a regulation reasonably related to legitimate penological interests, its application to plaintiff does not, as a matter of law, violate plaintiff's constitutional rights. Because this Court concludes that plaintiff's claim for prospective injunctive relief is now moot, the Court need not consider this argument.

  [4]Although plaintiff concedes that he signed " Consent to Adoption form," *Plaintiff's Response to Defendant Perry's Objections to Report and Recommendation*, at 4, plaintiff also contends that he "was in fact forced to sign a consent to adoption form based on the Defendants['] actions. . . ." *Id.*

  [5]Plaintiff also contends that defendant Harper "is already in contempt of this Court Order." *Plaintiff's Response to Defendant Perry's Objections to Report and Recommendation*, at 4. He has also apparently asked the Juvenile Court to permit him to withdraw his consent to the adoption. *Id.*

The present record in this action establishes that plaintiff is no longer vested with the constitutional right initially claimed by him: *i.e.*, the parental right to correspond with his minor son. Legally, Cameron is now the son of defendant Katha Harper. Although plaintiff has apparently been granted a small number of rights in connection with Cameron, the right to correspond with him against defendant Harper's wishes is not one of those rights. Under these circumstances, the Court concludes that any claim to prospective injunctive relief assuring plaintiff's right to correspond with Cameron is now moot. Moreover, the fact that plaintiff is apparently attempting to formally vacate or reverse Cameron's legal adoption does not, in this Court's estimation, serve to undermine this conclusion. In the event that plaintiff's parental rights in Cameron are restored, plaintiff remains free to institute appropriate action at that time .

This Court therefore concludes that plaintiff's claims to prospective injunctive relief are moot and must therefore be dismissed.

**Fairfield County Defendants**

The *August 3 Report and Recommendation* also recommended that the motion for judgment on the pleadings filed by the Fairfield County defendants, as it relates to plaintiff's claims for monetary damages, be granted. The Magistrate Judge reasoned that a claim for monetary damages asserted against these prosecutors in their official capacities is a claim against the state and is foreclosed by the Eleventh Amendment. *Id.*, at 13 (citing *Pusey v. City of Youngstown*, 11 F.3d 652 - 58 (6th Cir. 1993)). The Magistrate Judge also reasoned that the doctrine of prosecutorial immunity insulates these defendants from liability for monetary damages assessed against them in their personal capacities:

> In this case, plaintiff alleges that defendant Harper took a
> complaint of harassment by plaintiff to the county prosecuting

> authorities. Defendants Marx and Landefeld apparently opted not to prosecute plaintiff and instead to forward Harper's complaints to prison administrators. These actions, *i.e.,* evaluation of a citizen complaint and the determination to pursue an alternative to prosecution, fall within a prosecutor's advocacy role sufficient to confer absolute immunity from liability from monetary damages.

*August 3 Report and Recommendation,* at 13 (citing *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976)). Alternatively, the Magistrate Judge concluded that the Fairfield County defendants are also entitled to the protections of qualified immunity for the same reason as is defendant Perry. *Id.*, at 11 n.3. In his objections, plaintiff appears to challenge only the application of prosecutorial immunity to these defendants. *Plaintiff's Objections to Report and Recommendation*, at 4 - 5.

This Court concludes that it need not consider plaintiff's objection in this regard because, for the reasons stated *supra,* the Court also concludes that the Fairfield County defendants are entitled to the protections of the doctrine of qualified immunity. Accordingly, plaintiff's claims against these defendants for monetary damages cannot proceed.

Moreover, and for the reasons stated *supra*, plaintiff's claim for prospective injunctive relief is, with the adoption of Cameron by defendant Harper, moot. As asserted against the Fairfield County defendants, this claim cannot proceed.

### Defendant Harper

The *August 3 Report and Recommendation* recommended that all claims against defendant Katha Harper be dismissed because she is not a state actor amenable to suit under 42 U.S.C. §1983:

> The Court concludes that defendant Harper's alleged conduct -- *i.e.,* reporting harassment of a minor for whom she is legally responsible -- to a county prosecutor cannot, under any ... test[] be

8

considered state action.

*August 3 Report and Recommendation,* at 14. Plaintiff objects:

> . . . Katha Harper, Defendant[,] must remain a Defendant within this action for the reasons of committing Federal Mail Fraud, falsifying information in this action as well as the adoption proceedings, and for allowing the Defendants Greg[g] Marx and David Landefeld [to] coerce her into falsifying information and accusing Plaintiff of either "intimidation" or "harassment."

*Plaintiff's Objections to Report and Recommendation*, at 7. This Court agrees with the reasoning of the Magistrate Judge and concludes that defendant Harper, in seeking the assistance of the Fairfield County defendants, did not act under color of state law. She is therefore not subject to liability under 42 U.S.C. §1983.

In sum, plaintiff's objections to the *August 3 Report and Recommendation* are **DENIED**. This Court **ADOPTS AND AFFIRMS** the *August 3 Report and Recommendation*, Doc. No. 70, to the extent that it recommends the grant of the Fairfield County defendants' motion for judgment on the pleadings, Doc. No. 57, and defendant Perry's motion for summary judgment, Doc. No. 61, and to the extent that it recommends the dismissal of all claims against defendant Katha Harper. Plaintiff's claims against defendant Perry and the Fairfield County defendants for monetary damages in both their official and personal capacities are **DISMISSED.** All claims against defendant Harper are **DISMISSED**. Moreover, because the Court concludes that plaintiff's claims for prospective injunctive relief are now moot, those claims are likewise **DISMISSED.**

*AUGUST 8 REPORT AND RECOMMENDATION*

9

The *August 8 Report and Recommendation* recommended that plaintiff's motion to reinstate the claims asserted against ODRC defendants, which had been dismissed for failure to exhaust, be denied. Plaintiff objects to that recommendation, arguing that the Magistrate Judge misapplied *Jones v. Bock*, 127 S. Ct. 910 (2007). *Plaintiff's Objection to Report and Recommendation*, Doc. No. 80. This Court concludes that it need not consider the substance of plaintiff's objection.

This Court concludes, for the reasons stated *supra,* that the state officials who participated in the issuance to plaintiff of the cease correspondence/contact order pursuant to Ohio Admin. Code §5120-9-18(F)(6) are entitled to the protection of qualified immunity from liability for monetary damages. This Court also concludes that any claim for prospective injunctive relief against these state defendants has been rendered moot by the adoption of Cameron Pryor by defendant Harper. Thus, even if the claims against the former ODRC defendants were reinstated, as requested by plaintiff, those claims could not, for the reasons stated *supra*, proceed.

Under these circumstances, plaintiff's objections to the *August 8 Report and Recommendation* is **DENIED**.

**WHEREUPON** the motion for judgment on the pleadings filed on behalf of the Fairfield County defendants, Doc. No. 57, is **GRANTED**; the motion for summary judgment filed on behalf of defendant Perry, Doc. No. 61, is **GRANTED**. Moreover, all claims asserted against defendant Katha Harper are **DISMISSED**. Plaintiff's motion to reinstate, Doc. No. 65, is **DENIED**.

The Clerk shall enter **FINAL JUDGMENT** in this case.

Date: September 28, 2007         **/s/ John D. Holschuh**
                                 **JOHN D. HOLSCHUH**
                                 **UNITED STATES DISTRICT JUDGE**

11